[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2006
THOMAS K. KAHN
CLERK

No. 06-10991
Non-Argument Calendar

_____

D. C. Docket No. 05-80121-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINCOLN MOODY,
a.k.a. Jose,
a.k.a. Antonio Espinosa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 20, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lincoln Moody appeals his prison sentence of 210 months for possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1). He contends that his sentence is unreasonable even though it is within the Sentencing Guidelines range. He points out that in United States v. Williams (M.R. Williams), 435 F.3d 1350 (11th Cir. 2006), we upheld, against a government challenge, the 90-months sentence of a defendant also convicted of violating § 841(a)(1), based on the district court's finding that the increase in the Guidelines sentence range from 84-105 to 188-235 months' imprisonment due to the career offender enhancement was out of proportion to the seriousness of the offense and did not promote respect for the law. Moody argues that his sentence for distributing $240 worth of cocaine is more extreme than sentence in M.R. Williams because the career offender enhancement changed his Guidelines range from 21-27 months to 210-262 months. He concludes that this is an unreasonable disparity between the sentence and the true seriousness of the offense he committed and is much greater than is necessary to fulfill the purposes of §3553(a), in particular punishment, deterrence, and rehabilitation.

We review the district court's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable . . . ."

United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We have established a two-part process for district courts to use in fashioning sentences. Id. at 786. First, the court must consult and correctly determine the sentence range prescribed by the Sentencing Guidelines. Id. Second, the court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. § 3553(a). Id. Included among the § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guidelines range; and (7) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a). However, the court does not need to state on the record that it has considered each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Additionally, "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006). We will not substitute our judgment in weighing the relevant factors. Id. Moreover, we have rejected the notion that a sentence within the guidelines is per se reasonable. Talley, 431 F.3d

at 787. Even so, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, [we] ordinarily will expect that choice to be a reasonable one." Id. at 788.

In imposing the sentence in this case, the district court noted that it had "considered the statements of all parties, the presentence investigative report which contains the advisory guidelines, as well as those factors set forth in [§ 3553(a)(1)-(7)], in particular the history and characteristics of this defendant." The court observed that despite spending nine of the last fifteen years in prison, Moody had been out of prison for less than two years before committing this crime. This made the court concerned with ensuring that the sentence imposed would deter Moody from future criminal acts.

In mitigation of Moody's past criminal culpability, the court noted that Moody was only seventeen years old when he committed the first of his two prior felonies. The court also observed, however, that Moody had been much older when he committed his second felony at the age of twenty five. Therefore, because the significant amount of time Moody had spent in prison up to the time of the present crime did not deter him from continuing to commit crimes, the court found there was "just no valid reason to downwardly depart from the advisory guideline

4

range."

Moody's reliance on our opinion in M.R. Williams is misplaced because, in that case, we held that in similar circumstances it was reasonable to vary below the Guidelines range, whereas in this case, Moody is asking that we hold it is unreasonable not to vary from the Guidelines range in these circumstances. M.R. Williams, 435 F.3d at 1355. We have stated that "a range of reasonable sentences exists from which the district court may choose." United States v. Bonilla, No. 05-16857, manuscript op. at 8 (11th Cir. Sept. 5, 2006). Therefore, the fact that the sentence in M.R. Williams was found to be reasonable does not make a significantly different sentence in a similar case unreasonable.

In sum, we conclude that the sentence imposed by the district court was reasonable.

AFFIRMED.